IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TEXARKANA DIVISION

| | | |
|---|---|---|
| MARVIN FRANK HALL | § | |
| v. | § | CIVIL ACTION NO. 5:06cv118 |
| CITY OF MOUNT PLEASANT, ET AL. | § | |

MEMORANDUM ADOPTING REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND ENTERING FINAL JUDGMENT

The Plaintiff Marvin Frank Hall, proceeding *pro se*, filed this civil rights lawsuit under 42 U.S.C. §1983 complaining of alleged violations of his constitutional rights. This Court ordered that the case be referred to the United States Magistrate Judge pursuant to 28 U.S.C. §636(b)(1) and (3) and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to United States Magistrate Judges.

Hall says that on July 2, 2004, he had rented a motel room in Mount Pleasant. That night, a person named Nickie Hillburn knocked on the door to his room, giving only her name. A person named Ronda, who was apparently in the room with Hall, opened the door, and Hillburn came into the room, followed by three city police officers. Hall says that Hillburn had been "fighting at the club" and told officers that she was with Hall when in fact she was not. Hall told the officers that Hillburn had not been with him. An officer opened the door and three more police officers came into the room. Hall says that the officers did not have permission to enter, the hotel manager had not called in a complaint, and the officers had no warrants to search the room or to arrest Hall. Nonetheless, Hall says, he was arrested and taken to the Titus County Jail.

Hall explains that the search complained of was not used to convict him of the offense for which he is now in prison, but that it was used to revoke his probation. He says that his probation

officer told him that if it had not been for the charge in Mount Pleasant, he would have been to a substance abuse treatment program for six months, but because of this charge, he was given 25 years in prison.  He says that his placement in the Titus County Jail was unlawful because it was based on the illegal search and arrest.  For relief, Hall asks for compensatory and punitive damages.

After review of the complaint and amended complaint, the Magistrate Judge issued a Report on October 5, 2006, recommending that the lawsuit be dismissed.  In so doing, the Magistrate Judge looked to Jackson v. Vannoy, 49 F.3d 175 (5th Cir. 1995).  In that case, the Plaintiff Tommy Lee Jackson sued police officers from Temple, Texas, alleging that they violated his constitutional rights when the stopped a car in which he was riding, seized evidence, and arrested him without probable cause.  As a result of the unlawful arrest, Jackson said, his probation was revoked and he was sent to prison.

The Fifth Circuit cited Heck v. Humphrey, 114 S.Ct. 2364 (1994), in which the Supreme Court stated that in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions which would render a conviction or sentence invalid, a Section 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus under 28 U.S.C. 2254.  Jackson, 49 F.3d at 177, *citing* Heck, 114 S.Ct at 2372.

The Fifth Circuit explained that a judgment in favor of Jackson on the illegal seizure claim would necessarily imply the invalidity of his probation revocation, and so the rule set out in Heck applied to probation revocation proceedings.  Because Jackson did not show that the probation revocation proceeding had been reversed, expunged, set aside, or called into question by a federal habeas corpus proceeding, his action was not yet cognizable, and so the case was dismissed without prejudice.

The Magistrate Judge concluded that the same circumstances as were present in Jackson existed in the present case.  Hall states that his probation was revoked as a result of the

2

incident forming the basis of the lawsuit, and that he was told that he was sentenced to 25 years in prison because of the incident, but that he would have had six months in a substance abuse treatment facility without it.  As in <u>Jackson</u>, the Magistrate Judge said, a judgment in Hall's favor would necessarily imply the invalidity of the probation revocation proceeding, and so Hall cannot recover damages based on this incident until such time as he shows that the probation revocation which arose from this incident has been reversed, set aside, expunged, or otherwise called into question.  Hence, the Magistrate Judge recommended that the lawsuit be dismissed without prejudice until such time as the <u>Heck</u> preconditions are met.

Hall filed objections to the Magistrate Judge's Report on October 23, 2006.  In his objections, Hall says that the Magistrate Judge incorrectly concluded that his probation revocation formed the basis of his lawsuit.  Instead, Hall says, the basis of his lawsuit is the assertion that six Mount Pleasant police officers violated his Fourth Amendment rights when they entered his hotel room without permission or a warrant.  He says that his rights were thus violated before his arrest because the entry into his hotel room was unlawful, and so taking him to the Titus County Jail was likewise unlawful.

Hall argues that the issue in his case is whether his arrest is supported by probable cause, which he says it was not.  He contends that Hillburn's "tip" that drugs were being used in his hotel room was not "sufficiently corroborated" to furnish even reasonable suspicion that a crime was being committed.  He argues again that the entry into his motel room violated his Fourth Amendment rights because he was arrested in "a non-public place" without a warrant.

Next, Hall says, his case is not the same as that in <u>Jackson</u>.  He says that Jackson "never stated a claim," but that he, Hall, states a claim that his Fourth Amendment rights were violated.  He says that Jackson had an appeal pending on his probation revocation, but that he, Hall, does not.

Hall reiterates that he is not challenging the legality of his conviction, but that he is challenging the constitutionality of having six police officers enter his motel room in violation of

the Fourth Amendment and make an arrest. He argues that he states a claim upon which relief may be granted.

Contrary to Hall's assertions, <u>Jackson</u> is directly on point with his claim. In that case, the plaintiff Tommy Lee Jackson complained of an unlawful search and an unlawful arrest. The Fifth Circuit cited to <u>Heck</u>, as noted above, and expressly held that this rule applied to proceedings that call into question the fact or duration of probation. The Court said that a judgment in favor of Jackson would necessarily imply the invalidity of the revocation of his probation, and so because Jackson did not allege that any revocation proceeding has been reversed, expunged, set aside by a state court, or called into question by a federal court's issuance of a writ of habeas corpus, Jackson's claims were not yet ripe.

Similarly, in the present case, Hall complains of an unlawful entry into his motel room and an unlawful arrest. He makes clear in his amended complaint that this arrest led to the revocation of his probation. As in <u>Jackson</u>, a judgment in Hall's favor in this Section 1983 lawsuit would necessarily imply that the revocation of his probation was unlawful, and so the rule in <u>Heck</u> applies to the present case; the fact that Hall couched his claim as a Fourth Amendment issue, rather than an overt challenge to the validity of his parole revocation, is irrelevant because of the implications of a judgment in his favor, as stated above. Hall has not shown that the revocation of his probation has been reversed, expunged, set aside, or otherwise called into question, and so his objections are without merit.

The Court has conducted a careful *de novo* review of the pleadings and documents in this case, including the Report of the Magistrate Judge and the Plaintiff's objections thereto. Upon such *de novo* review, the Court has concluded that the Report of the Magistrate Judge is correct and that the Plaintiff's objections are without merit. It is accordingly

ORDERED that the Plaintiff's objections are overruled and the Report of the Magistrate Judge is ADOPTED as the opinion of the District Court. It is further

ORDERED that the above-styled civil action be and hereby is DISMISSED without prejudice as to the refiling of another Section 1983 lawsuit raising the claims herein, at such time as the Plaintiff Marvin Hall shows that the revocation of his probation has been overturned, expunged by executive order, declared invalid in a state collateral proceeding, or called into question through the issuance of a federal writ of habeas corpus. It is further

ORDERED that any and all motions which may be pending in this action are hereby DENIED.

**SIGNED this 7th day of November, 2006.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE